Laufer v. Ganesha Hospitality LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th of July, two thousand twenty-two.

PRESENT: Pierre N. Leval,
Steven J. Menashi,
Beth Robinson,
*Circuit Judges*.

_____

DEBORAH LAUFER,

     *Plaintiff-Appellee*,

  v.                         No. 21-995

GANESHA HOSPITALITY LLC,
a Connecticut corporation,

     *Defendant-Appellant*.*

_____

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

For Plaintiff-Appellee:        THOMAS B. BACON, Thomas B. Bacon,
                               P.A., Orlando, FL (Laura K. Wilson,
                               Wilson Law, Glastonbury, CT, *on the
                               brief*).

For Defendant-Appellee:        THOMAS HENRY HOULIHAN, JR.
                               (Ashley A. Noel, *on the brief*), Boyle
                               Shaughnessy Law PC, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

In July 2020, Deborah Laufer sued Ganesha Hospitality LLC, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and seeking injunctive relief.[1]  According to Laufer, Quality Inn Cromwell, a hotel run by Ganesha Hospitality, failed to comply with the requirement of 28 C.F.R.

---

[1] Laufer initially brought her complaint against Hospitality Investments Inc. Because that was the incorrect party, she amended her complaint to sue Ganesha Hospitality LLC on July 27, 2020, and withdrew her cause of action against Hospitality Investments Inc. on July 31, 2020.

§ 36.302 that a public accommodation which operates a place of lodging must, among other things, "[m]odify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms." 28 C.F.R. § 36.302(e)(1)(i). Laufer's complaint alleged that Ganesha Hospitality failed this requirement because, when she accessed information about Quality Inn via hotel reservation platforms such as expedia.com and hotels.com, the listings for the Quality Inn "did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible." App'x 8. Thus, Laufer claimed, she was "deprive[d] … of the information required to make meaningful choices for travel," and she "suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at" the website. *Id.* at 10.

Ganesha Hospitality filed a motion to dismiss, arguing that Laufer lacked standing to sue because she "resides in Florida" and "has no definite plans to visit the hotel." *Id.* at 26. The district court denied the motion because, in its view, the

3

"informational harm" Laufer suffered qualified as an Article III injury. *Id.* at 170.

Ganesha Hospitality moved for permission to take an interlocutory appeal of the

district court's order, which the district court granted. *Id.* at 242. This court granted

Ganesha Hospitality's petition for immediate appeal pursuant to 28 U.S.C.

§ 1292(b) on August 2, 2021. We assume the parties' familiarity with the

underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's decision concerning Article III subject

matter jurisdiction insofar as that decision is based solely on conclusions of law."

*Tanasi v. New Alliance Bank*, 786 F.3d 195, 198 (2d Cir. 2015). "[S]tanding doctrine,

which emerges from Article III, is designed 'to ensure that federal courts do not

exceed their authority as it has been traditionally understood.'" *SM Kids, LLC v.

Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S.

330, 338 (2016)). "The doctrine imposes three requirements: the plaintiff must have

(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct

of the defendant, and (3) that is likely to be redressed by a favorable judicial

decision." *Id.* (internal quotation marks and alteration omitted). "To plead injury

in fact, a plaintiff must allege that he or she suffered an invasion of a legally

4

protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Sonterra Cap. Master Fund Ltd. v. UBS AG*, 954 F.3d 529, 534 (2d Cir. 2020) (internal quotation marks omitted).

After the district court denied Ganesha Hospitality's motion to dismiss, this court decided *Harty v. West Point Realty, Inc.*, 28 F.4th 435 (2d Cir. 2022). In that case, Owen Harty—who, like Laufer, identified himself as a "tester" who "monitors whether places of public accommodation and their websites comply with the ADA"—sued West Point Realty for injunctive relief, alleging that the website for the hotel West Point Realty ran did not comply with § 36.302. *Id.* at 440. We noted that "Harty allege[d] that in the near future he intend[ed] to revisit West Point Realty's website to test it for compliance with § 36.302(e) and *possibly* to use the website to reserve a guest room" at the hotel. *Id.* We held that Harty lacked standing for failure to allege a concrete injury in fact. *Id.* at 445.

Our holding in *Harty* means that Laufer lacks standing in this case. The district court held that the "informational harm" Laufer alleged in her complaint satisfied the Article III injury-in-fact requirement. App'x 235-36. But in *Harty* this court rejected that "informational injury" theory when we held that, "[e]ven

5

assuming that Harty can allege that he was deprived of information to which he is entitled by the ADA, he must also allege downstream consequences from failing to receive the required information in order to have an Article III injury in fact." 28 F.4th at 444 (internal quotation marks omitted). Because "Harty asserted no plans to visit West Point or the surrounding area," we concluded that "he cannot allege that his ability to travel was hampered by West Point Realty's website in a way that caused him concrete harm." *Id.* at 443. Accordingly, Harty did not have "an interest in using the information beyond bringing his lawsuit." *Id.* at 444 (internal quotation marks and alterations omitted).

The district court in this case therefore erred when it held that "informational harm," without any downstream effects, sufficed for Article III injury purposes. App'x 235-36. Laufer did not allege concrete plans to visit Connecticut, let alone Quality Inn Cromwell, when she said that she "intends to travel throughout the entire State [of Connecticut] as soon as the Covid crisis is over." *Id.* at 10-11. Those plans are no more definite than the plans of the respondent in *Lujan v. Defenders of Wildlife* who said that she "intend[s] to go back to Sri Lanka" but that "[t]here is a civil war going on right now" and she did not

6

know when she would return. 504 U.S. 555, 563-64 (1992). As in *Lujan*, Laufer's "'some day' intentions" are insufficiently definite to establish an Article III injury. *Id.* at 564.

Laufer raises two other grounds for affirming the district court, neither of which is convincing. First, Laufer argues that the Supreme Court's decision in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), means that testers have a "right to sue for informational injury even though the testers had no intention of doing anything with that information." Appellee's Br. 34. We considered *Havens Realty* in *Harty*, however, and we held that although "testers *can* have standing, … even testers have to show that they have suffered an Article III injury in fact." 28 F.4th at 444 n.3 (emphasis added). Accordingly, Laufer cannot establish standing merely by claiming an informational injury as a tester.

Second, Laufer contends that she suffered stigmatic injury. At oral argument she cited the Eleventh Circuit's recent decision in *Laufer v. Arpan LLC*, 29 F.4th 1268 (11th Cir. 2022) in support of her position. *See* Oral Argument Audio Recording at 16:10. In that case, the Eleventh Circuit held that the "emotional injury that results from illegal discrimination" is a concrete injury. *Laufer*, 29 F.4th at 1274. Laufer's

7

complaint, in that case and in this one, contains the allegation that she "suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present" at the website, which she argues is sufficient to establish Article III injury. *See id.* at 1271; App'x 10.

But Laufer's allegations of "frustration" and "humiliation" do not distinguish this case from *Harty*. The complaint in *Harty* alleged that Harty "has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present" at the website as well. Complaint at 5, *Harty v. West Point Realty, Inc.*, 477 F. Supp. 3d 163 (S.D.N.Y. 2020) (No. 19-CV-8800), ECF No. 1.

Moreover, Laufer's allegations of emotional distress in this case are too general to amount to a concrete Article III injury. In *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, we held that, when relying on allegations of emotional distress to establish standing, plaintiffs "must plead enough facts to make it plausible that they did indeed suffer the sort of injury that would entitle them to relief." 19 F.4th 58, 65-66 (2d Cir. 2021) (internal quotation marks omitted). In that case, we considered a claim by a borrower against a lender who had failed to file a

8

discharge of the borrower's mortgage within the time period required by state statute. Because the borrower had not alleged a concrete injury caused by the lender's delayed filing, we concluded the borrower did not have Article III standing. 19 F.4th at 64. We acknowledged that stress, anxiety, and mental anguish are harms that may support Article III standing, and that a complaint need not meet the requirements of a substantive cause of action in order to allege an injury sufficient for constitutional standing, but we concluded on that record that the plaintiff's "perfunctory allegation of emotional distress" without providing any reason why the delayed recording would cause "great stress, mental anguish, anxiety, and distress" did not plausibly allege a concrete injury. *Id.* at 65-66.

Here, Laufer alleged generally that she suffered "frustration and humiliation," but in light of the complaint as a whole she has not pled sufficient facts plausibly to allege a cognizable emotional injury. We therefore hold that Laufer cannot succeed on her theory of stigmatic injury.

We have considered Laufer's remaining arguments, which are without merit. Accordingly, we **REVERSE** the judgment of the district court and **DISMISS** this case for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10